IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERSIL MILTON, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>BEST BUY CO., INC., a corporation, and DOES 1-250,<br><br>    Defendants.<br>_____/ | No. CV-11-03029 MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER; TRANSFERRING ACTION TO CENTRAL DISTRICT OF CALIFORNIA; VACATING HEARING** |

    Before the Court is defendant Best Buy Co., Inc.'s ("Best Buy") motion to transfer the above-titled action to the United States District Court for the Central District of California, filed July 22, 2011. No opposition has been filed.[1] Accordingly, the Court deems the matter submitted on the moving papers, hereby VACATES the hearing scheduled for August 26, 2011, and rules as follows.

    Plaintiffs allege Best Buy violated the Song-Beverly Act by "request[ing] and record[ing] private information" in the form of zip codes while completing credit card purchases. (See FAC ¶¶ 9, 12.) Five other class actions against Best Buy are pending in federal courts, each alleging Best Buy violated the Song-Beverly Act. (See Mot. to Transfer

---

[1] Pursuant to the Civil Local Rules of this District, opposition was due no later than August 5, 2011. See Civil L. R. 7-3(a) (providing opposition to motion must be filed no later than 14 days after the motion is served and filed).

1  at 2-3.)

2       Best Buy seeks an order transferring the instant action to the Central District of
3  California (1) pursuant to the "first-to-file" rule, based on the pendency in that district of an
4  earlier-filed and similar class action, Gass v. Best Buy Stores, L.P., No. CV11-01507 SJO
5  (JCGX), and (2) for the convenience of the parties and witnesses and in the interest of
6  justice, pursuant to 28 U.S.C. § 1404(a). (See Mot. to Transfer 2:4-9.)

7       The first-to-file rule allows a district court to transfer an action "when a complaint
8  involving the same parties and issues has already been filed in another district." See
9  Alltrade, Inc. v. Uniweld Prods., Inc., 946 F.2d 622, 625 (9th Cir. 1991). In applying the
10 rule, courts consider three factors: "(1) the chronology of the two actions; (2) the similarity
11 of the parties; and (3) the similarity of the issues." Meru Networks, Inc. v. Extricom, Ltd.,
12 No. C-10-02021 RMW, 2010 WL 3464315, at *1 (N.D. Cal. Aug. 31, 2010) (citing Alltrade,
13 946 F.2d at 625). The parties and issues need not exhibit "exact parallelism," and need
14 only be "substantially similar." See, e.g. Gerin v. Aegon USA, Inc., No. C 06-5407 SBA,
15 2007 WL 1033472, at *4 (N.D. Cal. Apr. 4, 2007) (quoting Nakash v. Marciano, 882 F.2d
16 1411, 1416 (9th Cir. 1989)).

17      Here, each of the above-referenced requirements is satisfied. First, the instant
18 action was filed after Gass was filed in the Central District.[2] Second, in both actions, the
19 putative class consists of individuals whose zip codes were recorded in the course of
20 making a credit card purchase at a Best Buy retail store in California during the past year,
21 and Best Buy is the defendant in both actions. (See Mot. to Transfer 4; FAC ¶¶ 9, 12; Req.
22 for Judicial Notice Ex. 3 at ¶ 1). Lastly, the issues presented in Gass and in the instant
23 action are substantially similar, as the claims in each case arise out of Best Buy's alleged
24 request for personal identification information in violation of the Song-Beverly Act.
25 (Compare FAC ¶ 9, 12 with Req. for Judicial Notice Ex. 3 at ¶¶ 1-2.) The Court thus finds

---

27    [2] Gass was filed February 18, 2011, and the instant action was filed February 25,
28  2011 in the Alameda County Superior Court. (See Req. for Judicial Notice Ex. 3 (Gass complaint).)

transfer is appropriate under the first-to-file rule.[3]

Accordingly, Best Buy's motion is hereby GRANTED, and the instant action is hereby TRANSFERRED to the Central District of California.

**IT IS SO ORDERED.**

Dated: August 22, 2011

MAXINE M. CHESNEY
United States District Judge

---

[3] In light of this ruling, the Court does not address herein Best Buy's alternative request to transfer pursuant to 28 U.S.C. § 1404(a).

3